IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, | * * * | |
| Plaintiff | * * | |
| v. | * * | Civil Action No. TDC-18-1584 |
| METROPOLITAN WASHINGTON ORTHOPAEDIC ASSOCIATION, CHARTERED 1975, | * * * * | |
| Defendant | * | |

******

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Default Judgment ("the Motion") filed by Plaintiff Pension Benefit Guaranty Corporation ("PBGC"). ECF No. 13. Pursuant to 28 U.S.C. § 636, and Local Rule 301 and 302, the Honorable Theodore D. Chuang referred this matter to the undersigned for the making of a Report and Recommendation ("R&R") concerning Plaintiff's Motion for Default Judgment (ECF No. 14). For the reasons stated herein, I recommend the Court GRANT Plaintiff's Motion.

I. **Factual and Procedural Background**

On June 1, 2018, Plaintiff brought this action against Metropolitan Washington Orthopaedic Association, Chartered 1975, ("Defendant" or "MWOA") pursuant to Title IV of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1301 - 1461 ("ERISA"). Compl. ¶1. Plaintiff alleges that Defendant is the Plan Sponsor and Plan Administrator of the Metropolitan Washington Orthopaedic Association, Chartered 1975

Employees' Pension Plan (the "Pension Plan") within the meaning of 29 U.S.C. § 1002(16)(A) and 1301(a)(1). Compl. ¶7.

After failing to receive a timely response, Plaintiff moved for and received, the Clerk's Entry of Default on August 20, 2018 (ECF. No 10).

Plaintiff sets forth with brevity the factual averments as follows:

- Defendant established the Pension Plan on July 1, 1975 for the benefit of MWOA's employees. The Pension Plan has approximately 81 participants.

- The Pension Plan is a defined benefit pension plan covered by Title IV of ERISA. See 29 U.S.C. §§ 1002(35), 1321(a).

- The Pension Plan was frozen in 1997.

- Upon information and belief, MWOA ceased operations approximately ten years ago.

- Upon information and belief, MWOA's President and owner died on November 30, 2017.

- Upon information and belief, the Pension Plan does not have assets available to pay benefits which are currently under the terms of the Pension Plan.

- Upon information and belief, the Pension Plan has not paid any benefits to plan participants since the death of MWOA's President and owner.

- Pursuant to PBGC Policy 3.4-1 *Benefit Payments Prior to Trusteeship*, PBGC has taken action to place eligible participants in the Pension Plan into pay status prior to trusteeship.

Compl. ¶¶ 14-21.

## II. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend,

and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If, after entry of default, the plaintiff's complaint does not specify a "sum certain" amount of damages, the Court may enter a default judgment against the defendant pursuant to Rule 55(b)(2). In considering a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). While Plaintiff's Motion does not seek a monetary award, default judgment is equally available for other forms of relief properly pled. See Hudson River Fishermen's Ass'n v. Acuri, 862 F. Supp. 73 (S.D.N.Y. 1994)(default judgment entered granting injunctive relief and civil penalties). "Liability is not deemed established simply because of the default . . . and the Court, in its discretion, may require some proof of the facts that must be established in order to determine liability." Id. The Fourth Circuit has a "strong policy that cases be decided on the merits," United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993), but finds that default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party," S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the plaintiff establishes liability, the Court then turns to the determination of damages. See Ryan, 253 F.3d at 780–81. The Court must make an independent determination regarding damages and cannot accept as true factual allegations. See Lawbaugh, 359 F. Supp. 2d at 422. Rule 54(c) of the Federal Rules of Civil Procedure limits the type and amount of damages that may be entered as a result of a party's default, stating that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While the Court may conduct an evidentiary hearing to determine damages, it is not required to do so. See, e.g., Monge v. Portofino Ristorante, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010);

Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc., No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); DirecTV, Inc. v. Yancey, No. Civ. A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"). The Court may rely instead on affidavits or documentary evidence of record to determine the appropriate sum. See Monge, 751 F. Supp. 2d at 794–95.

## III. Discussion

Given that Defendant has failed to plead or otherwise assert a defense, the Court deems all of Plaintiff's factual allegations in the Complaint not pertaining to damages admitted. Fed. R. Civ. P. 8(b)(6); Ryan, 253 F.3d at 780. It is within the Court's discretion to grant default judgment when a defendant is unresponsive. See Fed. R. Civ. P. 55(a)–(b); see also, Park Co. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the defendant lost its summons and did not respond within the proper period); Disney Enters. v. Delane, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default judgment was proper because defendant had been properly served with a complaint and did not respond, even after plaintiffs tried repeatedly to contact him); see also, Lawbaugh, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment).

For the reasons stated below, it is my recommendation that the Court enter default judgment. Here, Plaintiff does not seek a monetary award, merely a judicial determination that the Pension Plan is terminated, the Plaintiff be appointed as Trustee, that the Court declare a termination date for the Pension Plan, and grant Plaintiff the authority to obtain all Pension Plan documents and assets. Plaintiff correctly asserts that by statute, it is entitled to the relief sought.

Pursuant to 29 U.S.C. 1342(a), Plaintiff may begin proceedings to terminate a pension plan when it determines a plan cannot pay benefits when due. After providing notice to the Plan Administrator pursuant to 29 U.S.C. 1342 (c), Plaintiff may then seek a decree "adjudicating that the plan must be terminated in order to protect the interests of the participants or to avoid any unreasonable deterioration of the financial condition of the plan or any unreasonable increase in the liability of the fund." Exhibit A to Plaintiff's Motion is its "Notice of Determination" as required by this section of the Code.

As Plaintiff represents that the Pension Plan has no representative available to negotiate a termination date, the Court is empowered to establish the date. 29 U.S.C. § 1348(a)(4). Since the Complaint suggests that Defendant's President and owner died on November 30, 2017, said date is a reasonable termination date for the Pension Plan. Furthermore, under 29 U.S.C. §1342(b) the Court may appoint and authorize a trustee to terminate the Pension Plan in accordance with Title IV of ERISA. Plaintiff may request that it be appointed as trustee. Finally, as trustee, Plaintiff should be authorized to exercise all the enumerated powers set forth under the statute to receive and manage assets, and obtain all documents relating to the Pension Plan.

**IV.     Conclusion**

Based on the foregoing, it is my recommendation that the Court enter the proposed Judgment by Default attached to Plaintiff's Motion.


November 9, 2018                                                   /s/
                                                         Charles B. Day
                                                         United States Magistrate Judge